# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES )
) No. 02-1683
v.

$47,050.00 IN UNITED STATES
CURRENCY

## OPINION AND ORDER

In 2002, City of Pittsburgh Police officers seized the currency at issue during a traffic stop. The occupants of the vehicle were Roemon Howard and another individual. During the stop, Mr. Howard indicated that the money was intended to pay a defense attorney for relatives, later determined to be Omari Patton and Frederick Gravely, who were eventually convicted of federal offenses. W.D.Pa. Docket No. 02-93. The vehicle was registered to Mr. Gravely as owner. The DEA eventually seized the money from the City of Pittsburgh Police Department, and the Government began forfeiture proceedings in October, 2002.[1]

This matter has been dormant since December, 2003, until April 26, 2016, when Roemon Howard submitted a letter to the Court. The letter asserts that Mr. Howard did not receive notice of the forfeiture proceedings, and wishes to challenge those proceedings. I will construe Mr. Howard's letter as a Motion to reopen or otherwise revisit the forfeiture proceedings.

Presently, the Government has demonstrated that the DEA sent notice of administrative forfeiture proceedings to various persons, including Mr. Howard, by certified mail. Nobody

---

[1] In April, 2002, counsel for Messrs. Patton and Gravely petitioned this Court for return of the seized property, averring that the funds were those gathered from family members in order to pay the counsel fees. That petition indicated that the state court had ordered the return of the funds to counsel. Nonetheless, this Court determined that challenges to the seizure must be made in the context of the DEA's administrative forfeiture, and dismissed the petition.

other than Mr. Patton filed a claim against the currency. Subsequently, because only Mr. Patton filed a claim, the Government began civil forfeiture. The Government gave public notice, and also served Mr. Patton with notice. After no claims were filed, the Government moved for and obtained a Final Order of Forfeiture.

"[A] party seeking to reopen a judgment long after it has been entered must demonstrate the existence of extraordinary circumstances that justify reopening the judgment." United States v. Solomon, 533 Fed. Appx. 77, 79 (3d Cir. 2013). Mr. Howard has proffered no explanation for his failure to claim the funds before this time, explained why publication notice was inadequate. Accordingly, for the reasons stated in the Government's Brief, I agree that Mr. Howard has not demonstrated that he is entitled to the relief sought.

AND NOW, this 5th day of May, 2016, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court